IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| JEROME RATLIFF JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-00376 |
| | § | |
| MESILLA VALLEY | § | |
| TRANSPORTATION INC., | § | |
| MVT SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANTS' NOTICE OF REMOVAL

---

MESILLA VALLEY TRANSPORTATION INC. and MVT SERVICES, LLC ("Defendants") respectfully submit this Notice of Removal for the purpose of removing the above-entitled action from the 34th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas.  As grounds for this Notice of Removal, Defendants state as follows:

### I. INTRODUCTION

1.    Plaintiff commenced this action in the 34th Judicial District Court in El Paso County, Texas, Cause No. 2018DCV1682, by filing his Class Action Petition on May 3, 2018 [Exhibit "A"].

2.    Plaintiff served his Class Action Petition on Defendants on November 16, 2018. *Id.*

3.    Removal is proper to this federal district and this division because both Defendants in this case operate their businesses in El Paso, Texas.

4.      Defendants are filing this Notice of Removal within 30 days of their receipt of the Class Action Petition.  *See* 28 U.S.C. 1446(b).

5.      As set forth below, this Court has federal question jurisdiction over the subject matter of the Class Action Petition.  Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

## II.  FEDERAL QUESTION JURISDICTION

6.      Plaintiff's Class Action Petition asserts a cause of action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* [Exhibit "A"].   Specifically, Plaintiff alleges Defendants violated the FCRA when they did not provide him with information mandated by the FRCA when his employment application was rejected.

7.      Accordingly, Plaintiff asserts claims arising under the laws of the United States over which this Court has original jurisdiction and which "shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. §§ 1331, 1441(a).

8.      Pursuant to 15 U.S.C. § 1681p, any appropriate United States District Court shall have jurisdiction over any claim to enforce any liability created under 15 U.S.C. §§ 1681, *et seq.*

9.      Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 34th Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

10.      Plaintiff demanded a jury in the state court action.

## III.  OTHER REMOVAL MATTERS

11.      Defendant reserves the right to amend or supplement this Notice of Removal.

12.      There have been no pleadings served upon Defendant other than Plaintiff's Class Action Petition.

13.     Pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1446, this action is removable to the United States District Court for the Western District of Texas.

14.     WHEREFORE, Defendants give notice that *Jerome Ratliff Jr. v. Mesilla Valley Transportations, Inc.* and *MVT Services, LLC*, Cause No. 2018-DCV1682, in the 34th Judicial District Court of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____

**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendants

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the ___11___ day of December, 2018.

_____
**STEVEN J. BLANCO**

# EXHIBIT A



# THE STATE OF TEXAS

NOV 1 6 2018

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

**TO: MVT SERVICES, LLC is a NEW MEXICO LIMITED LIABILITY COMPANY with its headquaters** who may be served with process at 3590 West Picacho Ave., Las Cruces, NM 88005 or wherever he/ she may be found

Greetings:

You are hereby commanded to appear by filing a written answer to the Class Action Petition and Demand for Jury Trial at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **34ᵗʰ Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 3rd day of May, 2018 by Attorney at Law, JOHN P. VALDEZ, 1801 N STANTON, EL PASO, TX. 79902, in this case numbered **2018DCV1682** on the docket of said court, and styled:

**JEROME RATLIFF JR., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARITY SITUATED,**
**VS**
**MESILLA VALLEY TRANSPORTATION, INC., A NEW MEXICO CORPORATION, AND MVT**
**SERVICES LLC, A NEW MEXICO LIMITED LIABILITY COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Class Action Petition and Demand for Jury Trial accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 14ᵗʰ day of November, 2018.

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU   District Clerk
El Paso County, Texas

By_____, Deputy
Giovani Aldana

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

JP SCH #2253
11/16/2018

El Paso County - 34th District Court

Filed 5/3/2018 5:50 PM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV1682

**IN THE _____ JUDICIAL DISTRICT COURT**
**IN THE COUNTY COURT AT LAW NUMBER**
**EL PASO COUNTY, TEXAS**

| | |
|---|---|
| JEROME RATLIFF JR., individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. |
| v. | CLASS ACTION |
| MESILLA VALLEY TRANSPORTATION, INC., a New Mexico Corporation, and MVT SERVICES, LLC, a New Mexico Limited Liability Company. | JURY DEMAND |
| Defendants. | |

## CLASS ACTION PETITION AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Jerome Ratliff Jr. brings this Class Action Petition and Demand for Jury Trial against Defendants Mesilla Valley Transportation, Inc. and MVT Services, LLC (collectively, "Defendants" or "MVT") for their intentional and willful violations of Plaintiff's and a proposed Class of consumers' statutorily protected credit and employment-related rights. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1.  MVT is a self-proclaimed leader in the trucking and transportation industry.

2.      Seeking to expand its fleet, MVT encourages consumers to apply for driving positions by visiting its website and completing an online application. As part of its hiring process, MVT pulls applicants' background reports from HireRight, LLC—a leading pre-employment screening provider—to identify, among other things, their names, social security numbers, dates of birth, previous employers, work records, and trucking accident or incident histories. Using the information contained in these reports, MVT then decides whether to continue the hiring process or not.

3.      Given the impact that these reports have on an individual's access to employment, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), specifically to protect consumers from the ill effects of erroneous credit reporting and provide them with a means of ensuring that the information being distributed about them is accurate and updated.

4.      To that end, when companies like MVT decide not to hire an individual based in whole, or in part, on the contents of these reports, they are required under the FCRA to provide the individual within three business days of taking such action notice:

- That adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency (like HireRight);

- Of the name, address and telephone number of the consumer reporting agency that furnished the consumer report;

- That the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the applicant the specific reasons why the adverse action was taken; and

- That the applicant may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

2

5.      Unfortunately, MVT disregards these statutorily imposed obligations and intentionally withholds the above-described information from applicants it decides not to hire based in whole or in part on their credit reports.

6.      Accordingly, this Complaint seeks an Order: (i) declaring that MVT's conduct violates the FCRA; (ii) requiring MVT to cease the unlawful activities discussed herein; and (iii) awarding actual and/or statutory damages to Plaintiff and the proposed Class.

## DISCOVERY CONTROL PLAN & RELIEF

7.      Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs request injunctive relief and monetary relief over $1,000,000.

## PARTIES

8.      Plaintiff Jerome Ratliff Jr. is a natural person and citizen of the State of Illinois.

9.      Defendants operate one of the largest locally-owned truck load carriers in the United States, operating approximately 1,300 tractors and 6,000 trailers.[1]

10.     Defendant Mesilla Valley Transportation, Inc., is a New Mexico Corporation with its headquarters located at 3590 West Picacho Avenue, Las Cruces, New Mexico, 88005. Mesilla Valley Transportation also has operations at 9525 Escobar Lane, El Paso, Texas 79907. Said Defendant may be served with process by serving its President, Royal Jones at 3590 West Picacho Avenue, Las Cruces, New Mexico, 88005. In the alternative, Said Defendant may be served with process by serving the Texas Secretary of State at 1019

---

[1] *See About Us*, available at http://m-v-t.com/about-us/ (accessed on September 28, 2017).

3

Brazos Street, Austin, Texas 78701 because Defendant has failed to appoint or maintain a registered agent for service of process in Texas.

11.     Defendant MVT Services, LLC is a New Mexico Limited Liability Company with its headquarters located at 3590 West Picacho Avenue, Las Cruces, New Mexico, 88005. MVT Services also has operations at 9525 Escobar Lane, El Paso, Texas 79907. Said Defendant may be served with process by serving its registered agent Steven J. Blanco, 5715 Cromo Dr. El Paso, TX 79912.

## JURISDICTION AND VENUE

12.     This Court has specific personal jurisdiction over Defendants because Defendants made employment and personnel decisions as to Plaintiff—and violated Plaintiff's rights under the FCRA—from Defendants' recruiting office in El Paso, Texas.

13.     Venue is proper in this county because a substantial part of the events and/or omissions giving rise to Ratliff's claim occurred in this county.

## BACKGROUND

14.     On October 5, 2017, Ratliff filed a Class Action Complaint against MVT in the United States District Court for the Northern District of Illinois.

15.     On May 1, 2018, District Court Judge Alonso granted MVT's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## COMMON FACTUAL ALLEGATIONS

I.    **The Fair Credit Reporting Act.**

16.     Congress enacted the FCRA in 1970 in recognition of the serious impact credit

reports (referred to as "consumer reports" under the FCRA) could have on consumers' lives, including by affecting their access to employment. *See* Pub. L. No. 91-508, 84 Stat. 1128 (1970).

17.     To that end, if a consumer applies to certain types of employment opportunities by mail, telephone, computer, or other similar means, before a consumer report is procured or caused to be procured in connection with that application:

> (i)   the person who procures the consumer report on the consumer for employment purposes shall provide to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights under 15 U.S.C. § 1681m(a)(3); and
>
> (ii)  the consumer shall have consented, orally, in writing, or electronically to the procurement of the report by that person.

*See* 15 U.S.C. § 1681b(b)(2)(B).

17.     The FCRA also regulates companies that decide to take adverse action (*e.g.*, denying employment) against an individual on the basis of information contained in their consumer reports. *See* 15 U.S.C. § 1681b(b)(3). For instance, if a consumer applies to a company for a trucking or transportation-related job (like those offered by MVT) by mail, telephone, computer, or other similar means, and that company decides to deny employment to the individual based in whole or in part on a consumer report, then the company must provide to the individual within three business days of its decision an oral, written or electronic notification:

> (i)   that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;
>
> (ii)  of the name, address and telephone number of the consumer reporting agency that furnished the consumer report;

(iii) that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and

(iv) that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

*See* 15 U.S.C. § 1681b(b)(3)(B).

18.     Under the FCRA, a "consumer report" means "any . . . communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used for, among other things, employment purposes. 15 U.S.C. § 1681a(d)(1).

19.     A "consumer reporting agency" means "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

20.     The FCRA creates a private right of action by which consumers can vindicate their rights, enforceable in any court of competent jurisdiction. 15 U.S.C. § 1681p.

**II.     MVT Violates the Fair Credit Reporting Act as a Matter of Course.**

21.     Consumers can apply for driving positions with MVT by, among other ways, visiting its website and completing an online application.

22.     As part of its hiring process, MVT routinely obtains and uses consumer reports to

screen applicants, including reports prepared by the leading pre-employment screening agency HireRight. HireRight's reports, including its flagship "DAC Employment History" reports, provide MVT with the applicant's name, social security number, date of birth, previous employers, work records, reasons for leaving past employers, rehire eligibility, drug and alcohol history, truck driving school performance records, and trucking accident or incident history.

23.     Unfortunately, when MVT decides not to hire an applicant based in whole, or in part, on a consumer report it does not provide the applicant with the information mandated by the FCRA. For instance, MVT does not provide rejected applicants with the name, address, and telephone number of the consumer reporting agency that furnished the report (*e.g.*, HireRight) nor does it notify them that the consumer reporting agency did not make the decision to not hire them as required by 15 U.S.C. § 1681b(b)(3)(B).

24.     The FCRA's comprehensive series of regulations, including the requirements described above, were specifically enacted to provide individuals with a means of ensuring that the information being distributed about them is accurate and updated, which, in turn, ensures them fair access to employment. An individual who is deprived of this information after being denied employment is therefore harmed because, among other reasons, they are denied access to a job based on a record of information they do not possess, cannot verify, and from a third party they have no direct relationship with. They are also deprived of the opportunity of timely responding to or correcting inaccurate or incomplete information.

**FACTS SPECIFIC TO PLAINTIFF RATLIFF**

25.    In or around December 2014, Plaintiff Ratliff submitted an online application for a commercial truck driver position with MVT.

26.    On or around January 5, 2015, and again on January 6, 2015, MVT obtained Ratliff's background report from HireRight, which Ratliff learned in or about October 2015 through his own investigation.

27.    On information and belief, after receiving and reviewing Ratliff's background report, MVT took adverse action against him by disqualifying him from further consideration for employment based, in part, upon the information contained in HireRight's background report.

28.    MVT did not offer employment to Ratliff, and did not hire Ratliff.

29.    In spite of its obligations under the FCRA, MVT did not provide Ratliff with the notice required by the FCRA within three business days of deciding not to hire him, including, for example (i) that MVT decided not to hire Ratliff based in whole or in part on a consumer report received from HireRight; (ii) the name, address and telephone number of HireRight; (iii) that HireRight did not make the decision to take the adverse action and is unable to provide to Ratliff the specific reasons why the adverse action was taken; and (iv) that Ratliff could have disputed with HireRight the accuracy or completeness of any information in the report.

30.    Because MVT did not comply with the FCRA requirements described above, Ratliff was denied his statutorily mandated right to the information contained in the HireRight report.

31.    MVT's violation of the FCRA further violated Ratliff's statutorily protected privacy rights, as he was denied the ability to challenge or correct any information that was improperly contained in the HireRight report.

32.    Finally, because Ratliff could not verify the accuracy of the report, or determine who prepared it, he could not timely respond to or correct any inaccurate or incomplete background information, thus denying him fair access to employment.

33.    MVT's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of the FCRA (for instance, MVT knew of and complied with the various other employment regulations throughout the employment application process).

## CLASS ALLEGATIONS

34.    **Class Definition:** Plaintiff Ratliff brings this action under Rule 42 of the Texas Rules of Civil Procedure, on behalf of himself and a class of similarly situated individuals, defined as follows:

All individuals in the United States who, from the date five years prior to the date of the filing of this action to the present, submitted an online job application to MVT and were denied employment based in whole or in part on information contained in a consumer report without being provided within three business days of such adverse action an oral, written or electronic notification: (i) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (ii) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report; (iii) that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to them the specific reasons why the adverse action was taken; and (iv) that they may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members

of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

35.    **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, there are hundreds of people in the Class, making joinder of each individual member impracticable. Ultimately, members of the Class will be easily identified through Defendants' records.

36.    **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

(a)    whether Defendants took adverse action on each Plaintiff's and Class members' employment applications based in whole or in part on a consumer report received from a consumer reporting agency;

(b)    whether Defendants provided Plaintiff and Class members with the FCRA's adverse action notifications, as required by 15 U.S.C. § 1681b(b)(3)(B);

(c)    whether Plaintiff and the Class were injured as a result of Defendants' conduct described herein;

10

(d)      whether Defendants' conduct described herein constitutes a violation of the FCRA; and

(e)      whether Defendants' conduct described herein was willful.

37.      **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

38.      **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**15 U.S.C. § 1681b(b)(3)(B)**
**(On behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.     The FCRA was enacted in 1970 specifically to protect consumers from, among other things, the ill effects of erroneous credit reporting on their privacy and job prospects, and to provide consumers with a means of ensuring that the information being distributed about them is accurate and updated.

41.     The FCRA's comprehensive series of regulations, including the requirements described in Section I above, provide individuals with a statutory right to the information contained in their consumer reports, in part, to ensure that the information being distributed about them is accurate, appropriate, and updated, which, in turn, protects consumers' privacy rights and their right to fair access to employment.

42.     The FCRA also also creates a private right of action by which consumers can vindicate these rights.

43.     Defendants obtained Plaintiff's and Class members' "consumer reports," as defined by the FCRA, because the background reports obtained from HireRight were communications containing "information by a consumer reporting agency [(*i.e.*, HireRight)] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used for, among other things, employment purposes. 15 U.S.C. § 1681a(d)(1).

44.     HireRight is a "consumer reporting agency," as defined by the FCRA, because it is a leading pre-employment screening provider that, "for monetary fees, dues, or on a

cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

45.     Through a uniform and standardized hiring process, Defendants obtained Plaintiff's and Class members' consumer reports and used the information contained in those reports, in whole or in part, when deciding whether to hire them.

46.     Throughout that process, Defendants acknowledged certain of their obligations under the FCRA, for instance, by obtaining consent from applicants before requesting their consumer reports. Despite knowledge of their obligations to consumers under the FCRA, Defendants knowingly and willfully withheld certain information from applicants when they decided not to hire them, based in whole or in part on the contents of their consumer reports.

47.     Specifically, when Plaintiff and Class members applied to a trucking or transportation-related job with Defendants by mail, telephone, computer, or other similar means, and Defendants decided to deny them employment based in whole or in part on their consumer reports, Defendants did not provide to Plaintiff or Class members within three business days of taking such action, an oral, written or electronic notification: (i) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency; (ii) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report; (iii) that

the consumer reporting agency did not make the decision to take the adverse action and did not provide to Plaintiff or Class members the specific reasons why the adverse action was taken; and (iv) that Plaintiff or Class members could, upon providing proper identification, request a free copy of a report and dispute with the consumer reporting agency the accuracy or completeness of any information in a report, as required by the FCRA. *See* 15 U.S.C. § 1681b(b)(3)(B).

48.     Defendants have continually failed to follow reasonable procedures to ensure that Plaintiff and the Class Members are provided with their statutorily mandated rights to the information contained in their consumer reports.

49.     As a result of Defendants' conduct described herein and their knowing and willful violations of 15 U.S.C. § 1681b(b)(3)(B), Plaintiff and the Class have suffered harm as described herein, including information injury, violation of privacy, and unfairly being denied access to employment.

50.     Plaintiff, on behalf of himself and the Class, seeks an order: declaring Defendants' conduct to be illegal class-wide; enjoining Defendants' conduct described herein; awarding him and the Class the maximum statutory damages available under 15 U.S.C. § 1681n(a)(1); and directing that Defendant pay Plaintiff's attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jerome Ratliff Jr., on behalf of himself and the Class, respectfully requests that this Court issue an order:

14

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Ratliff as representative of the Class, and appointing his counsel as class counsel;

B.      Declaring that Defendants' actions, as described herein, constitute violations of the FCRA;

C.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members;

D.      Awarding actual damages or statutory damages as provided by the FCRA;

E.      Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees; and

F.      Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

[Signature page follows.]

15

Respectfully submitted,

DAVIE, VALDEZ & McELROY, P.C.
1801 N. Stanton
El Paso, Texas 79902
(915) 838-1100

By: /s/John P. Valdez

JOHN P. VALDEZ
State Bar No.: 24047021
john@dvmlawyers.com

KAMBERLAW LLC
220 N. Green St.
Chicago, IL 60607
(212) 920-3071
MICHAEL ASCHENBRENER*
masch@kamberlaw.com
ADAM C. YORK*
ayork@kamberlaw.com

ATTORNEYS FOR PLAINTIFFS

* *Pro hac vice* admission anticipated.

16