UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JEROME RATLIFF, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-18-CV-00376-FM |
| | § | |
| MESILLA VALLEY | § | |
| TRANSPORTATION, INC.; MVT | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the court are "Plaintiff's Motion for Remand" ("Motion") [ECF No. 2], filed January 10, 2019 by Jerome Ratliff, Jr. ("Plaintiff"); Defendants' Response to Plaintiff's Motion to Remand" ("Response") [ECF No. 3], filed January 17, 2019 by Mesilla Valley Transportation Inc. and MVT Services, LLC (collectively "MVT"); and "Corrected Plaintiff's Reply in Support of Motion for Remand" ("Reply") [ECF No. 5], filed January 24, 2018. After due consideration of the Motion, Response, Reply, and applicable law, the Motion is **GRANTED**.

**I.    BACKGROUND**

*A.    Factual Background*

On May 3, 2018, Plaintiff filed suit in the 34th Judicial District Court in El Paso County, Texas, alleging MVT violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*[1] Plaintiff submitted an online application for a commercial truck driver position with MVT

---

[1] "Defendants' Notice of Removal" ("Not. Rem."), ECF No. 1, filed Dec. 11, 2018, "Class Action Petition and Demand for Jury Trial" ("Pet."), Ex. A.

1

in December 2014.[2] MVT obtained a background report on Plaintiff from HireRight.[3] MVT did not hire Plaintiff.[4] He contends that he was disqualified for employment based on the HireRight report.[5]

Plaintiff alleges that MVT failed to comply with the FCRA when it:

> did not provide Ratliff with the notice required by the FCRA within three business days of deciding not to hire him, including, for example (i) that MVT decided not to hire Ratliff based in whole or in part on a consumer report received from HireRight; (ii) the name, address and telephone number of Hire Right; (iii) that HireRight did not make the decision to take the adverse action and is unable to provide to Ratliff the specific reasons why the adverse action was taken; and (iv) that Ratliff could have dispute with HireRight the accuracy or completeness of any information in the report.[6]

MVT removed the case to this court on December 11, 2018.[7]

This is not Plaintiff's first suit on the matter. He previously filed suit in the United States District Court for the Northern District of Illinois, also alleging MVT violated the FCRA.[8] The Honorable Jorge L. Alonso ("District Judge") dismissed the suit, holding Plaintiff failed to allege an injury-in-fact and therefore failed to establish standing.[9] The District Judge reasoned:

> Plainly, plaintiff has alleged a technical violation of the statute, namely that defendants failed to provide the relevant notice within three business days. The question is whether plaintiff has alleged concrete harm. This Court thinks he has not. The plain language of the statute tells this Court that the purpose of notifying the consumer is so the consumer can obtain a copy of the report and then dispute

---

[2] *Id.* at 8 ¶ 25.

[3] *Id.* at 8 ¶ 26.

[4] *Id.* at 8 ¶ 28.

[5] *Id.* at 8 ¶ 27, 28.

[6] Pet. 8 ¶ 29.

[7] *See* Not. Rem.

[8] *See* Mot., "Order" ("Ord."), Ex. C.

[9] *Id.* at 4.

2

*with the consumer reporting agency* (i.e., HireRight) the accuracy of the information. *See* 15 U.S.C. § 1681(b)(3)(B)(i)(IV). Plaintiff does not allege that any of the information was inaccurate . . . this Court cannot fathom how Plaintiff could have suffered concrete harm. He does not even allege that he asked for a copy of the report and was denied. Plaintiff, instead, argues that his privacy has been invaded by the technical violation, but the Court does not see anything in the language of the statute that suggest a privacy right. Nor does Plaintiff allege Defendants obtained the report without his permission.[10]

As Plaintiff did not have standing, the court lacked subject matter jurisdiction and dismissed the case.[11] Notably, MVT does not contest the decision from the Northern District of Illinois.

    *B.    Parties' Arguments*

Plaintiff moves to remand this case to state court, arguing MVT improperly removed it.[12] Plaintiff points out that the District Judge dismissed an identical suit for lack of subject matter jurisdiction.[13] Plaintiff claims MVT cannot change the position it took before the Northern District of Illinois under the doctrine of judicial estoppel.[14] According to Plaintiff, collateral estoppel precludes the parties from re-litigating the issue of subject matter jurisdiction.[15] Thus, Plaintiff contends, the court is without jurisdiction, and the case should be remanded.[16] Lastly, Plaintiff seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).[17]

---

[10] *Id.* at 3–4.

[11] *Id.* at 4.

[12] *Id.* at 3–4.

[13] *Id.*

[14] Mot. 4.

[15] *Id.* at 5.

[16] *Id.*

[17] *Id.*

3

MVT counters that removal is proper, as this suit involves a federal claim.[18] MVT contends the court should dismiss the case, as remand would be futile.[19] According to MVT, the state court would dismiss the case under Texas's standing doctrine, rendering remand futile.[20]

In reply, Plaintiff argues MVT did not carry its burden to show federal jurisdiction exists and removal is proper, as the issue of subject matter jurisdiction was already resolved by the Northern District of Illinois.[21] He claims MVT therefore lacked an "objectively reasonable basis for removal."[22] Lastly, Plaintiff argues the futility-exception doctrine does not apply.[23]

## II. LEGAL STANDARD

*A.  Removal*

28 U.S.C. § 1441(a) provides for the removal of civil actions brought in a state court over which a district court has original jurisdiction. "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties."[24] "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction."[25]

---

[18] Resp. 4.

[19] *Id.* at 5.

[20] *Id.* at 7.

[21] Reply 1.

[22] *Id.* at 2.

[23] *Id.* at 5.

[24] *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).

[25] *Id.* at 259.

Removal from state court raises significant federalism concerns.[26] The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.[27] "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[28]

## III. DISCUSSION

### A. *Subject Matter Jurisdiction*

Plaintiff argues remand is the appropriate course of action, reasoning the doctrines of judicial and collateral estoppel prevent MVT from re-litigating the issue of subject matter jurisdiction.[29] Collateral estoppel "promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive."[30] Collateral estoppel applies when: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision."[31]

Here, the parties are identical to the case before the Northern District of Illinois. The issue before this court—whether the court has subject matter jurisdiction over the case—is identical to that before the Northern District of Illinois.[32] The issue was fully litigated before the

---

[26] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[27] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

[28] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[29] Mot. 4.

[30] *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994).

[31] *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005).

[32] *See generally* Pet.; Ord.

Northern District of Illinois, and there was a final adjudication.[33] The determination of subject matter jurisdiction was necessary to its decision to dismiss the case. Under the doctrine of collateral estoppel, the parties cannot re-litigate the issue of subject matter jurisdiction before this court. As this court is bound by the prior adjudication, this court is without subject matter jurisdiction.

*B.     Remand*

Importantly, the parties do not dispute that the issue of subject matter jurisdiction was already resolved.[34] Nor do they contest the judgment by the District Judge.[35] Rather, they disagree on the proper recourse—whether the court should remand pursuant to 28 U.S.C. § 1447(c) or dismiss the suit outright under the futility-exception doctrine.[36] MVT contends this court should dismiss rather than remand, as remand would be futile.[37] MVT explains the case would necessarily be dismissed in state court under Texas's standing doctrine, which closely mirrors Article III standing requirements.[38] According to Plaintiff, the proper forum to determine Texas standing law is the Texas state courts.[39]

Title 28, United States Code, section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be*

---

[33] *See generally* Ord.

[34] *See* Mot. 5; *see generally* Resp.

[35] *See* Mot. 5; *see generally* Resp.

[36] *See* Mot. 5; Resp. 5.

[37] Resp. 4.

[38] *Id.* at 5.

[39] Reply 2.

*remanded.*"[40] Nevertheless, courts recognize an exception to the rule—the futility-exception doctrine.[41] Under the futility-exception doctrine, "the district court may dismiss, rather than remand, an action if remand would be futile because the court to which the action would be remanded would itself lack jurisdiction."[42]

In *International Primate Protection League v. Administrators of Tulane Educational Fund*,[43] the United States Supreme Court concluded that the National Institutes of Health ("NIH") lacked authority to remove the suit to federal court.[44] Despite NIH's claim that remand would be futile, the Court remanded the case.[45] It noted uncertainties in the outcome, explaining the case turned on a question of Louisiana law—whether either NIH or one of its officers was an indispensable party.[46] The Court declined "to speculate on the proper result."[47]

Like *International Primate Protection League*, this court would be required to "speculate" on an issue of state law—whether Plaintiff has standing to sue in Texas state courts. Under Texas law, standing "derives from the Texas Constitution's separation of powers among the departments of government, which denies the judiciary authority to decide issues in the abstract, and from the Open Courts provision, which provides court access only to a 'person for

---

[40] 28 U.S.C. § 1447(c) (*emphasis added*).

[41] *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87–88 (1991); *Boaz Legacy, L.P. v. Roberts*, 628 Fed. App'x 318, 321 (5th Cir. 2016) (holding remand would be futile because "Texas law plainly indicates that the local action doctrine applies in Texas and that this type of dispute is a local action."); *In re Halo Wireless, Inc.*, 872 F. Supp. 2d 558, 563 (W.D. Tex. 2012).

[42] *In re Halo Wireless, Inc.*, 872 F. Supp. 2d at 563.

[43] 500 U.S. 72 (1991).

[44] *Id.* at 76.

[45] *Id.* at 89.

[46] *Id.*

[47] *Id.*

an injury done him.'"[48] To have standing under Texas law, the plaintiff "must be personally aggrieved," and "his alleged injury must be concrete and particularized, actual or imminent, not hypothetical."[49] While Texas courts have looked to federal case law for guidance on standing,[50] it nevertheless remains an issue of state law.[51] The court is of the opinion that Texas state court is the proper venue to determine whether Plaintiff has standing to sue in Texas state court. This court declines to "speculate on the proper result."[52] This conclusion to remand is further strengthened by the plain language of 28 U.S.C. § 1447(c), which provides that "the case *shall be remanded*" upon a finding of no subject matter jurisdiction.[53] Accordingly, remand is the proper recourse.

C. *Attorney's Fees and Costs*

1. <u>Whether Plaintiff is Entitled to Attorney's Fees and Costs</u>

Plaintiff requests fees and costs incurred as result of removal.[54] Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual

---

[48] *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) (quoting *Texas Ass'n of Bus.*, 852 S.W.2d 440, 444 (Tex. 1993)).

[49] *Id.* at 304–05.

[50] *See Tex. Ass'n of Bus.*, 852 S.W.2d at 444 ("Because standing is a constitutional prerequisite to maintaining a suit under both federal and Texas law, we look to the more extensive jurisprudential experience of the federal courts on this subject for any guidance it may yield.").

[51] Scholars have noted uncertainties remain in Texas law on standing. *See* William v. Dorsaneo, III, *The Enigma of Standing Doctrine in Texas Courts*, 28 REV. LITIG. 35–37 (2008) ("The court's new approach to standing complicates Texas procedural law by embracing a complex body of federal constitutional law without clearly explaining whether a claimant must possess a legal injury resulting from the breach of a legal duty, or whether some other type of interest or injury is sufficient to satisfy Texas's standing requirements.").

[52] *Int'l Primate Prot. League*, 500 U.S. at 89.

[53] 28 U.S.C. § 1447(c) (emphasis added).

[54] Mot. 5.

expenses, including attorney fees, incurred as a result of the removal."[55] A court may award attorney's fees where "the removing party lacks an objectively reasonable basis for removal."[56]

MVT argues it had objectively reasonable grounds to remove the case, as (1) the claim for relief asserted in this case is a federal cause of action; and (2) the relief Plaintiff seeks arises under federal law.[57] Plaintiff counters that removal was objectively unreasonably because "there was no question whether federal subject matter jurisdiction was proper in this case."[58]

Federal courts "possess only that power authorized by Constitution and statute."[59] Article III limits the jurisdiction of federal courts to "cases" and "controversies."[60] The facts before this court are simple. The court reiterates that there was already a final determination on whether the federal court had subject matter jurisdiction over the matter.[61] The parties, including MVT, do not dispute this. MVT removed the case from state court to federal court despite this prior determination.[62] As the issue had been conclusively determined, MVT was aware that this case does not present a "case" or "controversy"—a constitutional requirement of subject matter jurisdiction. The fact that the claim arises under federal law does not permit MVT to ignore the constitutional requirements of subject matter jurisdiction. It was objectively unreasonable to

---

[55] 28 U.S.C. § 1447(c).

[56] *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (quoting *Howard v. St Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam)).

[57] Resp. 4.

[58] Mot. 7.

[59] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[60] U.S. CONST. art III., § 2.

[61] *See* Ord. 4.

[62] *See* Not. Rem. 1.

9

remove this case. This has resulted in a waste of judicial resources, a waste of the parties' time, and prolongment of the suit. Therefore, an award of attorney's fees is warranted.

### 2. Calculation of Attorney's Fees and Costs

The Fifth Circuit uses a two-step method for the determination of a reasonable award of attorney's fees.[51] A court first calculates the "lodestar" by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[63] The court may then "decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*"[64]

Michael Aschenbrener, counsel for Plaintiff, submitted a declaration, testifying to the number of hours expended on the case and the hourly rates.[65] Under Fifth Circuit jurisprudence, this is insufficient evidence.[66] Plaintiff must provide evidence of what an appropriate hourly rate in the community for such work would be. The fact that Plaintiff's counsel charges a certain hourly rate does not illuminate on what an appropriate rate would be for the community. Accordingly, Plaintiff must provide additional information, so the court may determine a proper award.

---

[51] *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016).

[63] *Id.* at 392.

[64] *Id.* (citing to 488 F.2d 714, 717–19 (5th Cir. 1974)). These twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney's; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

[65] Mot., "Declaration of Michael Aschenbrener in Support of Plaintiff's Motion for Remand," ECF No. 2-4.

[66] *See Combs*, 829 F.3d at 391 (requiring calculation of award fees by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work).

## IV. CONCLUSION AND ORDERS

The court is without jurisdiction over the matter. Therefore, the court remands the case to state court pursuant to 28 U.S.C. § 1447(c). Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Plaintiff's Motion to Remand" [ECF No. 2] is **GRANTED**.

2. The court **GRANTS** Plaintiff Jerome Ratliff, Jr. an award for reasonable attorney's fees and costs.

3. It is **FURTHERED ORDERED** that counsel for Plaintiff Jerome Ratliff, Jr. **SHOW CAUSE** as to reasonable attorney's fees and costs.

**SO ORDERED.**

**SIGNED** this _6_ day of **March, 2019**.

_____
**FRANK MONTALVO
UNITED STATES DISTRICT JUDGE**