# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| JEROME RATLIFF JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-18-CV-00376-FM |
| | § | |
| MESILLA VALLEY TRANSPORTATION, INC.; MVT SERVICES, LLC, | § § § § | |
| | § | |
| Defendants. | § § | |

## ORDER VACATING AWARD OF ATTORNEY'S FEES AND COSTS

Before the court is "Plaintiff's Response to Order to Show Cause as to reasonable attorney's fees and costs" ("Response") [ECF No. 7], filed March 13, 2019 by Plaintiff's counsel John P. Valdez, Michael Aschenbrener, and Adam C. York ("Plaintiff's Counsel").

## I. BACKGROUND

On March 6, 2019, this court granted Plaintiff Jerome Ratliff Jr.'s ("Plaintiff") motion to remand on the grounds that this court lacked subject matter jurisdiction.[1] In the order, the court found Plaintiff was entitled to an award of attorney fees, as "[i]t was objectively unreasonable to remove this case."[2] The court explained: (1) there had been a prior binding adjudication in the Northern District of Illinois that federal courts lacked subject matter jurisdiction over the matter;[3]

---

[1] "Order Granting Plaintiff's Motion to Remand" ("Ord.") 11, ECF No. 6, filed Mar. 6, 2019.

[2] *Id.* at 9–10.

[3] *Id.* at 5–6.

1

and (2) there was no "case" or "controversy" at the time of removal.[4] The court ordered Plaintiff's counsel to show cause as to reasonable attorney's fees and costs, noting Plaintiff's counsel failed to provide sufficient information for the court to award an appropriate amount.[5]

## II. <u>LEGAL STANDARD</u>

The Fifth Circuit uses a two-step method for the determination of a reasonable award of attorney's fees.[6] Courts first calculate the lodestar by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work.[7] The court excludes "all time that is excessive, duplicative, or inadequately documented."[8] The court may then "decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*"[9]

As there is "a 'strong presumption' that the lodestar represents the 'reasonable' fee, enhancements must necessarily be rare."[10] The party seeking an award of attorney's fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours

---

[4] *Id.* at 9.

[5] *Id.* at 11.

[6] *Combs v. City of Huntington, Texas*, 829 F.3d 388, 391 (5th Cir. 2016).

[7] *Id.* at 392.

[8] *Id.* at 393 (internal quotation marks omitted)(citing *Jimenez v. Wood Cty.*, 621 F.3d 372, 379–80 (5th Cir. 2010, *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)).

[9] *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717–19 (5th Cir. 1974). These twelve factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney's; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19.

[10] *Combs*, 829 F.3d at 395.

expended and hourly rates."[11]

## II. DISCUSSION

In the Response, Plaintiff's counsel seeks an award of attorney's fees in the amount of $9,719.00.[12] The requested amount equates to: (1) 18.7 hours at an hourly rate of $425 for Adam C. York; (2) 1.9 hours at an hourly rate of $585 for Michael Aschenbrener; and (3) 2.2 hours at an hourly rate of $300 for John P. Valdez.[13] Mssrs. Aschenbrener and York's rates are calculated using their "home" rates—the rates they charge in Chicago.[14]

*A.  Community Rates Versus Out-of-Town Rates*

It is well established that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"[15] In the order remanding the case, the court specifically noted that Plaintiff failed to provide evidence of an appropriate hourly rate in the community.[16] Nevertheless, Plaintiff's counsel asks the court to disregard this general principle, claiming this court should award them their hourly rates in Chicago.[17]

---

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[12] "Plaintiff's Response to Order to Show Cause as to reasonable attorney's fees and costs" ("Resp.") 4, ECF No. 7, filed Mar. 13, 2019. Plaintiff initially requested a fee award in the amount of $9,719.00. However, Plaintiff's counsel states that they are willing to reduce the fee award to $8,607.50 as to not seek reimbursement of Mr. Aschenbrener's 1.9 hours "to assure the Court that there was no duplication of work." *Id.*

[13] "Declaration of John P. Valdez in Support of Plaintiff's Motion for Remand" ("Valdez Decl.") 2 ¶ 9, ECF No. 4-2, filed Jan. 24, 2019; "Declaration of Michael Aschenbrener in Support of Plaintiff's Reply in Support of Remand" ("Aschenbrener Decl.") 2 ¶ 9, ECF No. 5-1, filed Jan. 24, 2019.

[14] Resp. 3.

[15] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[16] Ord. 10.

[17] Mot. 3.

3

Out-of-town counsel may be awarded their "home" rates under limited circumstances.[18] To determine whether out-of-town rates are appropriate, the court applies a two-prong test: (1) "whether hiring out-of-town counsel was reasonable in the first instance"; and (2) "whether the rates sought by the out-of-town counsel are reasonable for an attorney of his or her degree of skill, experience, or reputation."[19] To determine whether it was reasonable to hire of out-of-town counsel, courts in the Fifth Circuit regularly consider the necessity of hiring out-of-counsel—whether local counsel were readily available and capable of taking the case.[20]

Plaintiff argues that "[i]t was quite reasonable for Mr. Ratliff to hire KamberLaw in the first instance," stating that the law firm has "extensive experience litigating class actions in jurisdiction all over the country" and has an office in Plaintiff's city of residence, Chicago.[21] Additionally, Plaintiff's counsel also notes that Plaintiff first filed several cases under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., in the Northern District of Illinois.[22] Plaintiff's counsel also asserts that "it made sense" to continue to represent Mr. Ratliff in El Paso due to "experience handling Mr. Ratliff's Illinois cases and institutional knowledge . . . about his claims."[23]

---

[18] *McClain*, 649 F.3d at 382.

[19] *Id.* at 382 (citing the Sixth Circuit's test as implemented in *Hadix v. Johnson*, 65 F.3d 532, 535 (6th Cir. 1995)) (internal quotation marks omitted).

[20] *See McClain*, 649 F.3d at 383 (concluding the district court erred in find local counsel were readily available, as the record contained numerous affidavits from experts "who swore that no Texas attorneys were willing and able to assist in such a large case that might drag on for years without any guarantee of financial remuneration"); *In re Lopez*, 576 B.R. 84, 99 (S.D. Tex. 2017) (finding that out-of-town rates were appropriate where the attorney "satisfies as niche as to consumer financial litigation connected to bankruptcy because very attorneys around the country handle such cases against large creditors.").

[21] Resp. 2–3.

[22] *Id.*

[23] *Id.* at 3.

In support of the assertion it is reasonable to calculate attorney's fees with their "home" rates, Plaintiff's counsel submitted "United States Consumer Law Attorney Fee Survey Report" ("Report") from 2015-2016.[24] The Report lists the national average and median hourly rates, as well as average and median hourly rates in the state of Texas.[25] The Report also identifies six "niche areas" of consumer law, identified as bankruptcy, class action, credit rights, mortgage, vehicles, and TCPA.[26]

Plaintiff's counsel has not persuaded the court that this case involves increasingly complex issues unable to be pursued by local counsel to justify enhanced out-of-town fees. The court declines to find that the practice areas of class action litigation and consumer law automatically qualify as complex work that entitle counsel to collect out-of-town rates. Furthermore, Plaintiff's counsel does not show that local counsel was not capable or unavailable to pursue this matter.

It is certainly more convenient for Plaintiff's counsel to continue to represent Plaintiff. This does not, however, support enhanced hourly rates. Therefore, Plaintiff's counsel is not entitled to "home" out-of-town rates in the calculation of an award of attorney's fees and costs.

*B.    Reasonable Rates for the Community*

Alternatively, Plaintiff's counsel contends their rates are reasonable for Texas consumer attorneys and class action attorneys.[27] Plaintiff's counsel points to the Report's summary of median fees for the state of Texas.[28]

---

[24] *See generally* Resp., "United States Consumer Law Attorney Fee Survey Report" ("Report"), Ex. B.

[25] Report 27, 140–42.

[26] *Id.* at 4, 7.

[27] Mot. 4.

[28] Report 140–41.

5

Plaintiff's counsel misconstrues the meaning of "prevailing market rates in the relevant community."[29] They cite to the median hourly rate for consumer law attorneys in Texas—a metric including rates charged in cities such as Houston, Austin, and Dallas. This court is located in the El Paso division of the Western District of Texas. The Fifth Circuit "has interpreted rates 'prevailing in the community' to mean what it says."[30] The rates in the El Paso community are the "prevailing market rates" in El Paso. As Plaintiff's counsel failed to provide evidence of prevailing rates in the El Paso legal community, they are not entitled to an award of attorney's fees.

## IV. CONCLUSION

As Plaintiff failed to satisfy its burden to provide evidence of reasonable hourly rates for the community, Plaintiff is not entitled to an award of attorney's fees.

Accordingly, it is **HEREBY ORDERED** that the award of reasonable attorney's fees and costs granted in "Order Granting Plaintiff's Motion to Remand" [ECF No. 6] is **VACATED.**

**SO ORDERED.**

SIGNED this 20 day of **August, 2019.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

---

[29] *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

[30] *Id.*